## No. 5026.

## JOSEPH HOY & CO. *v.* EATON & BARSTOW and Sheriff.

Some personal property of Weiss, attached at the suit of Joseph Hoy & Co., was ordered to be sold as perishable property pending the attachment suit and bonds were taken by the sheriff for the price thereof.

The bonds, therefore, simply represented the property attached or the proceeds of the sale thereof, and they belonged to Weiss, not to the sheriff, who was a mere stakeholder. There existed no reason why the sheriff could not seize them at the suit of another creditor, as the property of Weiss, subject of course to the prior attachment.

The suspensive appeal taken by Joseph Hoy & Co., from the judgment dissolving their attachment could not prevent Eaton & Barstow from seizing the property attached.

The judgment of the district court dissolving the attachment of Joseph Hoy & Co. having been affirmed on appeal, said attachment could not stand in the way of the rights of Eaton & Barstow resulting from their seizure, and the proceeding by garnishment on the part of Joseph Hoy & Co. against the sheriff after said seizure, did not affect it, or the rights of Eaton & Barstow under it—being *res inter alios acta.*

The right, to point out property to be seized, or to object to the seizure of one species of property instead of another, is personal to the debtor, and Weiss, the debtor, not having complained, Joseph Hoy & Co. had no right to do so.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn* J. *R. A. Hunter,* for plaintiffs and appellees. *M. Ryan* and *James G. White,* for defendants and appellants.

LUDELING, C. J. Eaton & Barstow, judgment creditors of one Weiss, caused certain bonds or written obligations in the hands of the sheriff to be seized under an execution in their favor, and Joseph Hoy & Co., also creditors of Weiss, injoined the sale on the grounds that Eaton & Barstow were not the owners of the judgment under which said bonds were seized; that said bonds were made payable to John DeLacy, sheriff, and that the sheriff being interested, he could not himself seize the bonds in his own hands; that Joseph Hoy & Co. having attached the personal property of Weiss, for the proceeds of the sale whereof the bonds were taken, and a suspensive appeal having been taken from the judgment setting aside the attachment, other creditors of Weiss could not seize the property; that Weiss had real property and it was the duty of the sheriff to seize that before seizing his rights and credits.

There was judgment perpetuating the injunction, and the defendants have appealed.

Whether Eaton & Barstow continued to be the owners of the judgment obtained by them against Weiss or not, is of no concern to Joseph Hoy & Co.

The bonds seized had been given for the price of personal property of Weiss, attached at the suit of Joseph Hoy & Co., and ordered to be sold as perishable property, pending the attachment suit. The bonds therefore simply represented the property attached or the proceeds of the sale thereof, and they belonged to Weiss and not to the sheriff.

The sheriff was a mere stakeholder, and there existed no reason why he could not seize them as the property of Weiss, subject of course to the prior attachment. Nor did the suspensive appeal taken by Joseph Hoy & Co. from the judgment dissolving the attachment, prevent Eaton & Barstow from seizing the property attached.

The judgment of the district court dissolving the attachment having been affirmed on appeal, the attachment could not stand in the way of the rights of Eaton & Barstow resulting from their seizure; and the proceeding by garnishment by Joseph Hoy & Co. against DeLacy, sheriff, after said seizure, did not affect it, or the rights of Eaton & Barstow under it; being *res inter alios acta.*

The right to point out property to be seized, or to object to the seizure of one species of property instead of another, is personal to the debtor, and Weiss, the debtor, not having complained, Joseph Hoy & Co. have no right to do so.

It is therefore ordered and adjudged that the judgment of the lower court be reversed, and that there be judgment dissolving the injunction with ten per cent. on the amount of the judgment as general damages and one hundred dollars as attorney's fees, and for costs of both courts.